UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN PHILLIPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN M. DOWBAK, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:20-cv-02369-WBS-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 3<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) FILE AN AMENDED COMPLAINT; OR<br><br>　(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

　　　Plaintiff Damien Phillips is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He has filed a complaint alleging that all of the named defendants violated his Eighth Amendment rights by failing to treat a metal pin that protruded

1

from his left hand. ECF No. 1 at 5. That complaint, for the reasons stated below, does not state a viable claim. Plaintiff will be given leave to amend. Plaintiff has also filed an application to proceed *in forma pauperis*, ECF No. 2, which will be granted.[1] Finally, he has filed a motion for the appointment of counsel, which will be denied.

I. <u>Motion for Appointment of Counsel</u>

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Further, plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motion to appoint counsel, ECF No. 3, is denied without prejudice.

I may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

---

[1] Plaintiff will pay the filing fee in accordance with the concurrently filed collection order.

2

II.   <u>Screening</u>

Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Plaintiff alleges that, on February 14, 2020, he had surgery on his left hand to repair a "Bennett's fracture." ECF No. 1 at 5. Defendant Dowbak performed the surgery and explained that several metal pins were being inserted into plaintiff's hand, but they would be bent so as not

3

1  to protrude from the skin. *Id.* On March 9, 2020, one of the pins allegedly began to protrude
2  from plaintiff's hand. *Id.* He saw defendant Gary Malet, a prison physician, and showed him the
3  problem. *Id.* Plaintiff alleges that Malet diagnosed him with a skin infection, but did nothing to
4  treat his injury. *Id.* On March 17, 2020, plaintiff saw another prison physician, defendant Francis
5  Ko, about the same issue. *Id.* He alleges that Ko said the injury was just a scab and implied
6  plaintiff was lying. *Id.* On March 19, 2020, plaintiff saw defendants Marie Klynstra and Vaneida
7  White, and they also failed to treat him. *Id.* Plaintiff submitted a grievance complaining of the
8  foregoing lack of medical care, but it was denied by defendants Awatani and Gates. *Id.* at 5-6.

9       As an initial matter, the complaint alleges no wrongdoing against defendant Dowbak,
10  despite naming him as a defendant. Even if I were to read the allegations as implying that the pin
11  came loose because of a surgical error on Dowbak's part, plaintiff has not alleged that this
12  defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994)
13  ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").
14  Accordingly, plaintiff has failed to state a claim against this defendant.

15       Plaintiff's allegations against Awatani and Gates also fail because denial of a grievance
16  does not, without more, state a constitutional claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860
17  (9th Cir. 2003).

18       Plaintiff's claims against Malet, Ko, Klynstra, and White fail because documents attached
19  to his complaint contradict his allegations that they failed to treat him. *See Sprewell v. Golden*
20  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The documents show that, on March 9, 2020,
21  defendant Malet recognized that "the distal pin is mildly reddened" and prescribed antibiotics.
22  ECF No. 1 at 21. On March 17, 2020, plaintiff saw defendant Ko who, as he alleges, diagnosed
23  the wound as a scab. *Id.* at 29. Nothing indicates that Ko's assessment, which he put in his notes,
24  was made recklessly or in bad faith. *Id.* And Ko provided instructions for follow-up care,
25  including daily wound cleaning. *Id.* I note that the records show that, during their encounter,
26  plaintiff told Ko that the pain and redness of the surgical site had resolved. *Id.* On March 19,
27  2020, the day he alleges that he saw Klynstra and White, plaintiff's registered care provider noted
28  the pin poking through the skin. *Id.* at 18. An x-ray was taken, an orthopedist was contacted,

another course of antibiotics was prescribed, and the pins were set for removal in two weeks. *Id.* at 18, 21. The operation removing the pins was subsequently completed without complication.[2] *Id.* at 18. On September 1, 2020, plaintiff's primary provider noted that the hand had "excellent progress in healing, function, and range of motion." *Id.* These documents contradict plaintiff's claims that the foregoing defendants failed to treat him.

Plaintiff may choose to file an amended complaint which explains the inconsistencies between his cursory allegations of non-treatment and the medical documents attached to his complaint. If he chooses to stand on his complaint, I will recommend that it be dismissed.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

---

[2] Documents show that the pin removal surgery was set for April 2, 2020. ECF No. 1 at 21. The surgery was moved to April 10, 2020, however, due to COVID-19 related issues. *Id.*

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's motion to appoint counsel (ECF No. 3) is denied without prejudice.

3. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

4. Failure to comply with this order may result in the dismissal of this action.

5. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    January 28, 2021                        /s/ Jeremy Peterson
                                                            JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE